PROVOSTY, J.
Sirs. C. Darby died intestate in 1905, leaving a succession of some $35,-000, and six children and the issue of one predeceased child. She had sold in 1892 to her son, the defendant, 84 arpents of land, for $4,200, and made him a donation in 1897 of 40 acres, valued at $2,500. This suit is brought by one of the heirs and by the children and heirs of the predeceased child to compel the defendant to collate the said property thus sold and donated to him, or its value. The demand for the collation of the 84 arpents has been abandoned.
The sole question in the ease is whether the following recital of the act of donation evidences an intention on the part of the donor that the donation should be by way of extra portion, not subject to collation, to wit:
“Mrs. Coralie Puselier Darby, who declared that inasmuch as she has previously accounted to all her children named as follows, to wit, Felecie Darby, widow of Louis De Blanc deceased, Bliss Coralie Darby, BIrs. Constance Darby, deceased wife of Leon Seré, also deceased, Paul Darby, George Darby, and given to each money or property amounting in each case to more than two thousand five hundred dollars, and having given nothing to her son, Octave Darby, it is her wish and intention to place him upon footing equal to her other children, and to equalize the advance in money and otherwise which she has made to her other children as named and for that purpose, to place the said donee upon a footing equal with said other children, it was her intention to make, and she does make, a donation inter vivos unto her son, Octave Darby, who is here present accepting for himself and his heirs and assigns, the following described property, to wit.”
Plaintiff’s learned counsel argues that, since there will be equality among the heirs unless an extra portion is given, the intention to give an extra portion is an intention to create an inequality; and that,- consequently, an avowed intention to create equality among the heirs, as in the act of donation here in question, cannot be construed into an intention to give an extra portion. That, far from having expressed an intention by this donation that her heirs should share unequally,' the decedent has, on the contrary, expressed thereby a desire thfct they should share equally; and that to give now to her said act such an operation as would produce inequality would be, plainly and palpably, not to carry out her intention, but, on the contrary, to frustrate it. That there would be equality only if the other heirs had received an equivalent portion; but that, as a matter of fact, they had not. That what some of them had received had been from the estate of their father, and not from that of the decedent. That the plaintiff had received nothing.
Defendant answers that the other heirs did receive equivalents, and that the donation does as a matter of fact operate by way of equalization; but that, if it did not, the legal situation would be precisely the same, since the above-quoted recital of the act of donation expresses the intention of giving the property as an extra portion.
In regard to whether equivalents were received, the record shows, as follows: . The parents of the litigants were wealthy, and lived in New Orleans, until as a result of the War they lost their fortune and retired to the country. There they lived on a plantation which the father had saved from the general wreck by making a transfer of it to the mother in satisfaction of her dotal and paraphernal claims. The plantation brought little revenue, and, until the father’s death in 1876, portions of it had to be sold now and then to help meet expenses. The two elder daughters, Mrs. De Blanc and Mrs. Séré, married advantageously; the former in 1852 and the latter in 1859. The other daughter, Bliss Coralie, continued to. live with her *331 mother and to be supported entirely by her, up to her death, and so did plaintiff, Paul Darby. Mrs. De Blanc and Mrs. Séré, at their respective marriages, received marriage portions, slaves, and other property, exceeding $2,500, and George Darby received at divers times sums of money exceeding in the aggregate $2,500. All the children, except defendant, received the benefits which enure to the children of wealthy parents living in a large city, in the way of education and social advantages and enjoyments. Defendant was yet a mere child when misfortune came, and his infirm health had not allowed of his even getting the benefit of primary tuition, and circumstances did not allow thereafter of his getting an education. At the death of his father, his mother employed him as manager at a salary of $25 per month plus his board and lodging, and he worked so devotedly and intelligently that whatever the mother succeeded in accumulating was the result largely of his labors. Mrs. De Blanc, Miss Coralie Darby, and George Darby admit that they have received full equivalent, and they have signed an act consenting that defendant hold the donated property as an extra portion, and we think that the 29 years of support which the plaintiff Paul Darby has received from his mother is a full equivalent of the donated property. The slaves and other property received by Mrs. Séré are also an equivalent of the donation. But counsel for plaintiff argues that the said equivalent was received from the parents during their marriage and the consequent existence of the community of acquets and gains, and therefore from the father, as head of the community, and not from the estate of the mother. He argues, further, that the benefits of education and the social advantages, and, among the latter, that of an advantageous marriage, received by Mrs. Séré, are not collatable advantages, and therefore cannot serve as equivalents for the donation to defendant, and did not create an inequality among the heirs such as called for equalization.
We see no necessity of debating these questions. Suffice it to say that the mother considered that these advantages were such as called for an equalization, and she made her donation accordingly; and that therefore her intention was that defendant should have this property over and above his share in her succession. Whether she was mistaken or not in supposing the said advantages which her other children had received were such as, in law or in fact, called for an equalization, is absolutely immaterial, since we are concerned only with her intention, and such intention is clearly and unmistakably expressed, and it is that defendant should have this property in addition to his share in her succession. Perhaps she made the donation for the very reason that she knew that the advantages received by her other children were not collatable, and that therefore something should be done by her to bring about an equality which was demanded by equity, but not exigible as a matter of legal right.
Judgment affirmed.